UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAWRENCE WHITFIELD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:18-CV-113-JD-MGG |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Lawrence Whitfield, a prisoner without a lawyer, filed a petition under 28 U.S.C. § 2254 challenging his prison disciplinary case RDC 17-10-23. The Warden filed a motion to dismiss Whitfield's petition on May 7, 2018. ECF 7. Whitfield did not respond to the motion and the time to do so has passed. *See* N.D. Ind. L. Cr. R. 47-2.

On October 27, 2017, a Disciplinary Hearing Officer (DHO) found Whitfield guilty of Threatening in violation of B-213. ECF 2 at 1. As a result, the only grievous sanction imposed was the loss of 30 days of earned credit time, however, that sanction was suspended. ECF 7-1 at 1. The time for imposing the suspended sanction has now expired and the sanction cannot be enforced. ECF 7-2 at 1. The Warden has moved to dismiss Whitfield's petition on the basis that he did not suffer any grievous loss which would impact the length of his sentence and is therefore not entitled to habeas corpus relief. ECF 7 at 1-3.

A prison disciplinary hearing can only be challenged in a habeas corpus proceeding where it results in the lengthening of the duration of confinement. *Hadley v.*

*Holmes*, 341 F.3d 661, 664 (7th Cir. 2003).  Here, because the disciplinary action has not resulted in the lengthening of the duration of Whitfield's confinement, habeas corpus relief is not available.  Because there is no relief that he can obtain in this habeas corpus proceeding, the petition will be denied.

For these reasons, the Warden's motion to dismiss (ECF 7) is GRANTED and Whitfield's petition (ECF 2) is DENIED.  The Clerk is directed to CLOSE the case.

SO ORDERED on June 8, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT